UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEIRON M. ELIAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-0986  (UNA) |
| | ) | |
| SCOTT S. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's applications for leave to proceed *in forma pauperis* (ECF Nos. 2, 11) and her *pro se* complaint (ECF No. 1).  The Court will grant the applications and, for the reasons discussed below, dismiss the complaint.

Plaintiff brings this action against the Clerk of the United States Supreme Court.  Compl. (ECF No. 1) at 2 (page numbers designated by CM/ECF).  She alleges she submitted a petition for writ of certiorari and appellate brief, which defendant rejected as untimely filed.  *See id.* at 4-5.  Plaintiff does not demand monetary damages; she "seeks injunctive relief ordering defendant to file [her] opening Appellate Brief and evidence in support of claims in Appeal[.]"  *Id*. at 3; *see id*. at 5.

The Clerk of the Supreme Court is the designated recipient of all documents submitted to the Supreme Court and is authorized to reject any filing that does not comply with applicable rules and orders.  *See* Sup. Ct. R. 1.  This Court has no authority to determine what action, if any, must be taken by the Supreme Court and its administrative officers.  *See Nixon v. Barnes*, 799 F. App'x 5 (D.C. Cir. 2020) ("Insofar as appellant sought declaratory relief against an employee of the Supreme Court Clerk's office, the district court lacked authority to grant such relief."); *Miller*

*v. Harris*, 599 F. App'x 1 (D.C. Cir. 2015) ("The district court correctly determined it lacked jurisdiction to review decisions of the United States Supreme Court, including those of its Clerk of Court."); *In re Marin*, 956 F.2d 339, 340 (D.C. Cir.) (per curiam) (concluding that the Supreme Court "has inherent supervisory authority over its Clerk," and "neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise"); *Bishay v. Harris*, No. 21-cv-1831, 2022 WL 612609, at *2 (D.D.C. Mar. 1, 2022) (concluding district court has no authority "to declare the clerks' routine processing of a stay application to be fraudulent, criminal, and in violation of the Constitution" because granting such relief "would directly trench on the Supreme Court's exclusive supervisory authority"), *aff'd*, No. 22-5060, 2022 WL 3449223 (D.C. Cir. Aug. 11, 2022).

An Order is issued separately.


DATE: July 17, 2023                        TREVOR N. McFADDEN
                                           United States District Judge

2